MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ANSELMO TEHUITZIL AVILA, *individually and on behalf of others similarly situated,*

                    *Plaintiff,*

-against-

HUDSON MARKET 57, INC. (D/B/A HUDSON MARKET), HUDSON MARKET 303, LLC (D/B/A HUDSON MARKET), TERRANCE PARK , CHAN K. PARK , FRED DOE, and STEVEN DOE,

                    *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Anselmo Tehuitzil Avila ("Plaintiff Tehuitzil" or "Mr. Tehuitzil"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Hudson Market 57, Inc. (d/b/a Hudson Market), Hudson Market 303, LLC (d/b/a Hudson Market), ("Defendant Corporations"), Terrance Park, Chan K. Park, Fred Doe, and Steven Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Tehuitzil is a former employee of Defendants Hudson Market 57, Inc. (d/b/a Hudson Market), Hudson Market 303, LLC (d/b/a Hudson Market), Terrance Park, Chan K. Park, Fred Doe, and Steven Doe.

2. Defendants own, operate, or control two food markets, one is located in the Hell's Kitchen neighborhood of the Upper West Side, the second is located in the Chelsea Market area of Manhattan's lower west side, both operate under the name "Hudson Market."

3. Upon information and belief, individual Defendants Terrance Park, Chan K. Park, Fred Doe, and Steven Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Market as a joint or unified enterprise.

4. Plaintiff Tehuitzil was employed as a salad maker at the buffet line at the Hudson Market located at 303 10th Ave New York, NY 10001 from in or around September 2015 until on or about July 2016 hereafter referred to as the 10th Ave location, and at the Hudson Market located at 601 W. 57th Street New York, NY 10019 from in or around March 2018 until on or about April 18, 2019 hereafter referred to as the 57th street location.

5. At all times relevant to this Complaint, Plaintiff Tehuitzil worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Tehuitzil appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Tehuitzil to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tehuitzil and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Tehuitzil now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Tehuitzil seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Tehuitzil's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two food markets located in this district. Further, Plaintiff Tehuitzil was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Anselmo Tehuitzil Avila ("Plaintiff Tehuitzil" or "Mr. Tehuitzil") is an adult individual residing in Bronx County, New York.

14. Plaintiff Tehuitzil was employed by Defendants at the 10th Ave Hudson Market location from approximately September 2015 until on or about July 2016 and at the 57th street location from approximately March 20, 2018 until on or about April 18, 2019.

15. Plaintiff Tehuitzil consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled two food markets, one located at 303 10th Ave New York, NY 10001, and the other located at 601 W. 57th Street New York, NY 10019, both operate under the name "Hudson Market."

17. Upon information and belief, Hudson Market 57, Inc. (d/b/a Hudson Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 601 W. 57th Street New York, NY 10019.

18. Upon information and belief, Hudson Market 303, LLC (d/b/a Hudson Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 303 10th Ave New York, NY 10001.

19. Defendant Terrance Park is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Terrance Park is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Terrance Park possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Tehuitzil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Chan K. Park is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chan K. Park is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chan K. Park possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tehuitzil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Fred Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fred Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Fred Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tehuitzil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Steven Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steven Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Steven Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Tehuitzil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate two food markets, one is located on 10th avenue in the Chelsea area neighborhood of Manhattan and the second one is located on 57th street in the upper west side, Hell's Kitchen neighborhood of Manhattan.

24. Individual Defendants, Terrance Park, Chan K. Park, Fred Doe, and Steven Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Tehuitzil's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tehuitzil, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Tehuitzil (and all similarly situated employees) and are Plaintiff Tehuitzil's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Tehuitzil and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Terrance Park and Chan K. Park operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Tehuitzil's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Tehuitzil, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Tehuitzil's services.

31. In each year from 2015 to 2016 and from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Tehuitzil is a former employee of Defendants who was employed as a salad maker. Plaintiff Tehuitzil seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Anselmo Tehuitzil Avila*

34. Plaintiff Tehuitzil was employed by Defendants from approximately September 2015 until on or about July 2016 and from approximately March 20, 2018 until on or about April 18, 2019.

35. Defendants employed Plaintiff Tehuitzil as a salad maker.

36. Plaintiff Tehuitzil regularly handled goods in interstate commerce, such as Market and other supplies produced outside the State of New York.

37. Plaintiff Tehuitzil's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Tehuitzil regularly worked in excess of 40 hours per week.

39. From approximately September 2015 until on or about July 2016, Plaintiff Tehuitzil worked at the Hudson Market 10th Ave location from approximately 6:00 a.m. until on or about

4:00 p.m., 5 days a week and from approximately 7:00 a.m. until on or about 3:00 p.m., on Sundays (typically 58 hours per week).

40. From approximately March 20, 2018 until on or about June 2018, Plaintiff Tehuitzil worked at the Hudson Market 57th Street location from approximately 7:00 a.m. until on or about 5:00 p.m., 6 days a week, (typically 60 hours per week).

41. From approximately June 2018 until on or about August 2018, Plaintiff Tehuitzil worked at the Hudson Market 57th Street location from approximately 6:00 a.m. until on or about 4:00 p.m., 6 days a week, (typically 60 hours per week).

42. From approximately August 2018 until on or about April 18, 2019, Plaintiff Tehuitzil worked at the Hudson Market 57th Street location from approximately 5:00 a.m. until on or about 3:00 p.m., 6 days a week, (typically 60 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Tehuitzil his wages by check.

44. From approximately September 2015 until on or about July 2016, Defendants paid Plaintiff Tehuitzil $11.00 per hour.

45. From approximately March 2018 until on or about May 2018, Defendants paid Plaintiff Tehuitzil $715 per week.

46. From approximately May 2018 until on or about September 2018, Defendants paid Plaintiff Tehuitzil $775 per week.

47. From approximately September 2018 until on or about April 7, 2019, Defendants paid Plaintiff Tehuitzil $875 per week.

48. From approximately April 8, 2019 until on or about April 18, 2019, Defendants paid Plaintiff Tehuitzil $975 per week.

49. Although defendants granted Plaintiff Tehuitzil a 30 minute meal break, they required him to work through his meal breaks most of the time and he only was able to take 2 uninterrupted meal breaks a week.

50. From approximately March 2018 until on or about April 2019, Plaintiff Tehuitzil was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tehuitzil regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Tehuitzil an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Tehuitzil, in English and in Spanish (Plaintiff Tehuitzil's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. Defendants required Plaintiff Tehuitzil to purchase "tools of the trade" with his own funds—including two pairs of non-slippery shoes.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tehuitzil (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

56. Plaintiff Tehuitzil was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants' pay practices resulted in Plaintiff Tehuitzil not receiving payment for all his hours worked, and resulted in Plaintiff Tehuitzil's effective rate of pay falling below the required minimum wage rate.

58. From approximately March 2018 until on or about April 2019, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tehuitzil (and similarly situated individuals) worked, and to avoid paying Plaintiff Tehuitzil properly for his full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tehuitzil and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Tehuitzil and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Tehuitzil and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Tehuitzil brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Tehuitzil and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

67. The claims of Plaintiff Tehuitzil stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

68. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Tehuitzil's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tehuitzil (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72. Defendants failed to pay Plaintiff Tehuitzil (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73. Defendants' failure to pay Plaintiff Tehuitzil (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Tehuitzil (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Tehuitzil (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Tehuitzil (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Tehuitzil (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

79. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Tehuitzil's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Tehuitzil, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

81. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tehuitzil less than the minimum wage.

82. Defendants' failure to pay Plaintiff Tehuitzil the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Tehuitzil was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

84. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tehuitzil overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Defendants' failure to pay Plaintiff Tehuitzil overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Tehuitzil was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Tehuitzil with a written notice, in English and in Spanish (Plaintiff Tehuitzil's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Tehuitzil in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

91. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

92. With each payment of wages, Defendants failed to provide Plaintiff Tehuitzil with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Tehuitzil in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

94. Plaintiff Tehuitzil repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants required Plaintiff Tehuitzil to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

96. Plaintiff Tehuitzil was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tehuitzil respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tehuitzil and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tehuitzil and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tehuitzil's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Tehuitzil and the FLSA Class members;

  (f) Awarding Plaintiff Tehuitzil and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  (g) Awarding Plaintiff Tehuitzil and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tehuitzil;

  (i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tehuitzil;

  (j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tehuitzil's compensation, hours, wages and any deductions or credits taken against wages;

  (k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Tehuitzil;

  (l) Awarding Plaintiff Tehuitzil damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

  (m) Awarding Plaintiff Tehuitzil damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (n) Awarding Plaintiff Tehuitzil liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Tehuitzil and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Tehuitzil and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tehuitzil demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

December 13, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 18, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Anselmo Tehuitzil Avila

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *[signature]*

Date / Fecha:                     18 de Abril 2019

*Certified as a minority-owned business in the State of New York*